IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYRONE L. REED,                          No. C-11-1720 TEH (PR)

       Plaintiff,

       v.                                ORDER OF DISMISSAL

ROBERT K. WONG, Warden,

       Defendant.
_____/

       Plaintiff, a prisoner presently incarcerated at Kern Valley State Prison in Delano, California, and frequent litigant in federal court, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 against Robert K. Wong, former Warden of San Quentin State Prison ("SQSP"). Doc. #1. Plaintiff appears to allege by implication that SQSP officials were deliberately indifferent to his safety in violation of the Eighth Amendment. See id. Plaintiff also seeks leave to proceed in forma pauperis, Doc. ## 2 & 8, which will be granted in a separate order. In this Order, the Court will conduct its initial review of the Complaint pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

A

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982);

Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect prisoners from attacks by other prisoners or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to prisoner safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

B

A complaint must set forth specific facts showing how each defendant proximately caused the deprivation of a federally-protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988.) Further, a supervisor – such as former SQSP Warden Robert K. Wong, the Defendant named by Plaintiff in the instant action – may be liable under 42 U.S.C. § 1983 only upon a showing of: (1) personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

//
//

**III**

Here, in the "Statement of Claim" section of the Complaint, Plaintiff states as follows:

> On April 24, 2009 the prison official[]s at San Quentin Prison [staged] a stabbing assault between myself and a northern hispanic inmate. This stabbing assault happened while the entire prison was on a state of "emergency lockdown" [due] to[] the black and northern hispanic inmates [were] at war with each other. There had been a full scale riot between the two inside of the main [dining] hall. When I came out for modified shower time for the black inmate[]s only[,] a northern inmate ran from his "unlocked cell" with a "manufactured knife" and stabbed me three time[]s in my face and four time[]s in my chest."

Doc. #1 at 3. Plaintiff further states that the relief he is seeking is assistance from the Court "with suing the Defendants." <u>Id.</u>

Other than naming former SQSP Warden Robert K. Wong as a Defendant, Plaintiff's Complaint fails to identify by name individual SQSP correctional officers who were deliberately indifferent to Plaintiff's safety. Further, Plaintiff fails to make any direct and specific allegations against named Defendant Robert K. Wong showing either his personal involvement in any constitutional deprivation or a sufficient causal connection between his alleged wrongful conduct and any constitutional violation. <u>See</u> <u>Redman v. County of San Diego</u>, 942 F.2d at 1446. Plaintiff's Complaint, therefore, is insufficient to state an Eighth Amendment claim under 42 U.S.C. § 1983.

In this situation the Court ordinarily would grant

4

1  Plaintiff leave to amend his Complaint to correct the identified
2  pleading deficiencies, but it appears that Plaintiff already has
3  done so by filing a new action under case number C-11-4921-TEH (PR),
4  which is pending before this Court for initial review. See 28
5  U.S.C. § 1915A. Plaintiff's Complaint in that action contains
6  allegations referencing the April 24, 2009 stabbing incident. See
7  Reed v. Wong, No. 11-4921 TEH (PR) (N.D. Cal filed Oct. 5, 2011)
8  (Doc. #1). Because the complaint in that action contains the same
9  allegations set forth in the instant Complaint, the Court will
10 dismiss the instant action outright without leave to amend and will
11 allow the later-filed action, i.e., Reed v. Wong, No. 11-4921 TEH
12 (PR) (N.D. Cal filed Oct. 5, 2011), to proceed.

IV

For the foregoing reasons, the Clerk is directed to
DISMISS the action. The Clerk further is directed to terminate all
pending motions as moot and close the file.

IT IS SO ORDERED.

DATED    10/17/2011

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Reed-11-1720-dismiss-see 11-4921.wpd

5